IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:13-cr-05057-01-MDH |
| ) | |
| JAMIE GONZALES-ALVARADO, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Pro Se Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Defendant was sentenced on October 2, 2015 to 180 months imprisonment following a guilty plea for conspiring to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846 (Count 1) and possessing with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (Count 2). Under 18 U.S.C. § 3582(c)(2), a Court may reduce a previously-imposed sentence for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C.A. § 3582. In 2023 the Sentencing Commission promulgated Amendment 821, which, in relevant part, allows for a two-level reduction in offense level for certain offenders who lack criminal history points. USSG § 4C1.1 For a defendant to qualify for such reduction, however, he must not have possessed, received, purchased, transported, transferred, sold, or otherwise disposed "of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." § 4C1.1 (a)(7). In the present matter, contrary to Defendant's claim, this Court previously found that

1

Defendant possessed a firearm in connection with the underlying offense. (Docs. 185 at ¶¶ 11, 20; 221 at 19). Accordingly, Defendant is therefore ineligible for any relief contemplated by Amendment 821 and Defendant's Motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: April 2, 2024

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**